1   Timothy P. Dillon, Esq. (SBN 190839)
2   Dillon & Gerardi, APC
    4660 La Jolla Village Drive
3   Suite 775
    San Diego, CA 92122
4   Tel: (858) 587-1800
5   Fax: (858) 587-2587
6   TDILLON @ DILLONGERARDI.COM
7

8                  UNITED STATES DISTRICT COURT
9                  CENTRAL DISTRICT OF CALIFORNIA
10

11  **FEI HOLDINGS, INC.**, a Washington          Case No.:
    corporation,
12                                               CV09-8931 CBM (Ex)
13            Plaintiff,                          **COMPLAINT FOR:**
      vs.
14                                               1. **Copyright Infringement**
15  **LACDCS PARTNERSHIP, a California**             **(Public Display);**
    **general partnership,**                     2. **Copyright Infringement**
16                                                  **(Reproduction);**
17         Defendant.                            3. **Copyright Infringement**
                                                    **(Derivative Works);**
18                                               4. **Inducement of Copyright**
19                                                  **Infringement;**
                                                 5. **Contributory Copyright**
20                                                  **Infringement;**
21                                               6. **Vicarious Copyright**
                                                    **Infringement;**
22                                               7. **Unfair Business Practices (Cal.**
23                                                  **B&P Code § 17200);**
                                                 8. **Interference With Prospective**
24                                                  **Business Advantage.**
25

26                                               **JURY DEMANDED**
27
28

Complaint - 1

1    Plaintiff Fei Holdings, Inc., a Washington corporation, ("Plaintiff" or "Fei")

2 brings this action against the LACDCS Partnership ("Defendant", "Partners" or

3 "DCS Partners"), and alleges as follows:

4                              **I. INTRODUCTION**

5        1.    This is an action by Plaintiff Fei Holdings, Inc. to recover damages

6 arising from infringement of Fei's copyrights in its photographic images and Web

7 sites works by Defendant, and Defendant's unfair business practices under

8 California's Business and Professions Code § 17200, *et seq*. Fei also seeks permanent

9 injunctive relief barring Defendant from future infringement and unfair business

10 practices.  Among other things, Defendant copied, published, distributed, sold, and

11 publicly displayed Fei's copyrighted works on and through the URLs located at

12 < **http://www.lacdcs.org** > and < **http://lacdcs.wordpress.com** >.

13                              **II.    PARTIES**

14       2.    At all relevant times hereto, Plaintiff Fei Holdings, Inc. is and was a

15 Washington corporation with its principal place of business in the State of

16 Washington.

17       3.    Plaintiff Fei Holdings, Inc. is the registered owner of copyrights in

18 images and Web page designs, at least one of which makes up a part of the subject

19 matter of this action.  The relevant registered copyright is VA 1-678420, a true and

20 correct copy of which is attached hereto as Exhibit "A" and by this reference

21 incorporated herein.

22       4.    The Partners, the complete identities of whom are unknown at this time,

23 but include without limitation those individuals identified in the Certification and

24 Notice of Interested Parties, are individuals with their principal places of residence in

25 the County of Los Angeles, California and within this judicial district.

26       5.    Upon information and belief, the Partners managing partners are

27 Deborah Miles, Diana Bingham, Dwayne Miles, Frank Myllo III, John Belding,

28

1  Louis Corosu, Marjory Miles, Richard Norwood, Samuel Cramer, and Wyatt W.

2  Underwood.

3     6.  Defendant LACDCS Partnership, a California general partnership, and

4  each of its partners have agreed to enter and have entered into a combination to

5  distribute and/or sell goods and services for their mutual and joint benefit.

6     7.  Upon information and belief, at all times relevant hereto, the DCS

7  Partners are, or were, carrying out the activities and/or causing the injuries and

8  damages complained of herein in this judicial district and elsewhere. The DCS

9  Partners directly compete with Plaintiff in the distribution and licensing of Plaintiff's

10  photographic images and Web sites designs on the Internet.

11     8.  Upon information and belief, at all times relevant to this action, each of

12  the DCS Partners' partners was and is the agent and representative of the other DCS

13  Partners' partners, acting within the purpose and scope of said agency and

14  representation. Plaintiff is further informed and believes that each of the partners

15  authorized and/or ratified the conduct herein alleged of each of the other partners.

16     9.  Upon information and belief, each partner of the DCS Partners agreed to

17  and acted within combination for the purpose of, *inter alia*, distributing and selling

18  goods and services for the purpose of generating income or other benefit for their

19  mutual and combined benefit.

20       **III. JURISDICTION AND VENUE**

21     10.  This is a civil action seeking injunctive relief and damages for copyright

22  infringement under the Copyright Act, 17 U.S.C. §101 et seq.; misappropriation of

23  the right of publicity under common law and California's Civil Code § 3344; and for

24  unfair business practices under California's Business and Professions Code Section

25  17200, *et seq.*

26     11.  This Court has subject matter jurisdiction of this action pursuant to 28

27  U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b), and supplemental jurisdiction of the

28

1   state law claims pursuant to 28 U.S.C. § 1367(a).  This Court also has jurisdiction

2   pursuant to 28 U.S.C § 1332 in the event that one or more of the as yet unidentified

3   partners are citizens of different states.  The amount in controversy is greater than

4   $75,000.00.

5        12.    This Court has personal jurisdiction over Defendant. The Partners solicit,

6   transact and are doing business within the State of California; have committed

7   unlawful and tortious acts both within and outside the State of California causing

8   injury in California and within this judicial district; and are regularly doing or

9   soliciting business or engaging in a persistent course of conduct in the State of

10  California. Plaintiff claims arise out of the conduct that gives rise to personal

11  jurisdiction over Defendant.

12       13.    Venue is proper in this District under 28 U.S.C. §§ 1391(a), (b) and (c),

13  and 28 U.S.C. § 1400(a).

14                      **V.    NATURE OF ACTION**

15       14.    Plaintiff brings suit against each and every Defendant herein and the

16  partnership composed thereof alleging various copyright infringements,

17  misappropriation of the right of publicly, unfair business practices, and interference

18  with prospective business advantage. Plaintiff seeks both injunctive and monetary

19  relief.

20       15.    Under Section 106 of the Copyright Act of 1976, codified at 17 U.S.C.

21  § 101 *et seq.* (the "Copyright Act"), Plaintiff Fei has exclusive, severable and distinct

22  rights to, among other things, reproduce, publicly perform and publicly display its

23  copyrighted works. 17 U.S.C. §§ 106(1), (4), (5).

24                    **VI.    FACTUAL BACKGROUND**

25       16.    As technology improves, more and more people enjoy a wide-range of

26  entertainment options, and are able to quickly download videos, video clips, and

27  digital photographs at an ever-increasing rate on the Internet.

28

17.     Businesses have exploited this new connection between the personal computer and entertainment, and have made fortunes in the process. However, the improved technology has been misused in some instances - some businesses have created and/or operated internet Web sites that blatantly copy and infringe the intellectual property works belonging to others.  Defendant DCS Partners owns and operates or otherwise controls one or more such Web sites.

18.     Defendant have used technological advancements to willfully infringe copyrights belonging to Plaintiff, depriving Plaintiff of the lawful rewards that accompany creativity, effort and innovation. Defendant's blatant disregard of copyright laws threatens Plaintiff business and the business of others.

19.     Plaintiff publishes and distributes its copyrighted Works in various formats, including Digital Versatile Disc (DVD), digital slides of "still" images and Web page designs ("Works") on the Internet and elsewhere.

20.     Upon information and belief, each act of infringement complained of herein occurred on computer servers owned, operated and/or controlled by the Defendant.

21.     Upon information and belief, the Partners advertise for and facilitate the distribution and sale of goods and services on their Web site. Upon information and belief, the value of advertising space available on the Partners' Web sites increases with the increase of Internet traffic to and on Defendant's Web sites.

22.     Upon information and belief, Defendant actively engage in, promote and induce copyright infringement.  On the subject Web sites, the Partners reproduce Fei's Works and upon information and belief offer them for licensing to others, for a fee, or for the purpose of selling their own goods and services.

23.     Upon information and belief, the Partners' business plan depends on the posting, display, performance and licensing of copyrighted photographic images belonging to Fei and others. In other words, the Partners deliberately and knowingly

1  built a library of infringing works to draw Internet traffic to their Web sites enabling

2  them to gain a significant share of the Internet traffic, increase the value of their

3  business and earn revenue by distributing and selling advertising space and goods and

4  services, and licensing content in the process.

5        24.   Upon information and belief, the Partners have deliberately chosen to

6  illegally capitalize on the rampant copyright infringement found on their Web sites.

7  The Partners have deliberately and willfully chosen this approach because it allows

8  them to profit from infringement while leaving copyright owners, such as the

9  Plaintiff, with the continued expense of monitoring the Web sites and without

10  sufficient means to prevent continued infringement in the future.

11       25.   Each of the copyrighted Works owned by Plaintiff is of obvious high

12  production value and is easily discernable as a professional work.  Moreover, in some

13  instances, images on Defendant's Web sites display indications that the photographic

14  images *are* actually created and copyrighted by Plaintiff.

15       26.   Defendants infringements have harmed and continue to harm Plaintiff

16  and those who derive benefit from Plaintiff's creative Works.  If left unchecked, the

17  continued infringements will undermine Plaintiff and other creative enterprises that

18  produce photographic images and Web page designs.  Plaintiff therefore has no

19  choice but to seek immediate redress.

20       27.   Plaintiff seeks: a declaration that the Partners' conduct in copying,

21  publicly displaying, and licensing Plaintiff's copyrighted Works without

22  authorization willfully infringes Plaintiff's copyrights; a permanent injunction

23  requiring Defendant to cease infringement of Plaintiff's copyrights; and statutory

24  damages for Defendant's past and present willful infringement, or actual damages

25  plus profits, in an amount greater than $75,000.

26       28.   Each of the Works at issue in this action is registered to Plaintiff with the

27  United States Copyright Office. As of September 1, 2009, the Works that appeared on

28

the Partners' Web sites included but were not limited to three of Plaintiff's Works.

## Interference With Prospective Business Advantage

29.     The Partners have interfered with prospective business advantages rightfully belonging to Plaintiff by licensing Plaintiff's Works to third parties, representing that the Works are lawfully licensed to those third parties by the Defendant.

30.     Plaintiff devotes significant resources to the creation and editing of the Works and preparing them for licensing to re-publishers.

31.     Plaintiff devotes significant resources in the preparation and filing of copyright registration applications for the Works with the United States Library of Congress.

32.     Upon information and belief, the Partners are offering Plaintiff's Works for licensing to third parties, and issuing what Defendant purport to be a license for the use of those Works without suffering the expenses and burden of creating, editing, and registering the Works.

33.     By licensing the Works for fees lower than the fees charged by Plaintiff for the same Works, the Partners interfere with the Plaintiff's rights to enjoy the benefits of licensing those Works to third parties.

## VII.   CLAIMS FOR RELIEF

## CLAIM ONE
## COPYRIGHT INFRINGEMENT - PUBLIC DISPLAY

34.     Plaintiff hereby repeats and realleges the previous paragraphs 1-33 as though fully set forth herein.

35.     The Partners, without the permission or consent of Plaintiff, and without authority, are publicly displaying and purporting to authorize the public display of Plaintiff registered copyrighted photographic images and Web page designs. The Partners cause these works to be publicly displayed by severing individual images and Web pages of Plaintiff's Works and publishing in response to searches for

offerings on the Defendant's Web sites. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive rights under Copyright Act §106(5) to publicly display its copyrighted photographic images and Web page designs.

36.    Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

37.    As a direct and proximate result of the Defendant's willful infringement of Plaintiff copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) of $150,000 per infringed Work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proved at trial.

38.    Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant cease infringement of Plaintiff's copyrights.

39.    Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

### CLAIM TWO
### COPYRIGHT INFRINGEMENT - REPRODUCTION

40.    Plaintiff hereby repeats and realleges the previous paragraphs 1-39 as though fully set forth herein.

41.    The Partners, without authority, are making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's registered copyrighted photographic images and Web page designs. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive right under Copyright Act § 106(1) to reproduce its copyrighted photographic images.

42.   The Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

43.   As a direct and proximate result of the Partners' willful infringement of Plaintiff's copyrights and exclusive rights under The Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C.§ 504(c) of $150,000 per infringed Work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proved at trial.

44.   Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

45.   Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to cease infringement of Plaintiff's copyrights.

### CLAIM THREE
### COPYRIGHT INFRINGEMENT - DERIVATIVE WORKS

46.   Plaintiff hereby repeats and realleges the previous paragraphs 1-45 as though fully set forth herein.

47.   Upon information and belief, the Defendant and/or users of Defendant's Web sites, without the permission or consent of Plaintiff, and without its authority, have and are preparing derivative works consisting of Plaintiff's registered copyrighted photographic images and Web page designs. The Defendant and/or users of Defendant's Web sites prepare such derivative works by editing, cutting, reformatting, and/or otherwise changing Plaintiff photographic images and Web page designs before displaying on the Web sites and/or other Web sites. The Defendant's aforesaid conduct constitutes direct infringement of Plaintiff's exclusive rights under Copyright Act §106(2) to prepare derivative works.

48. Partners' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

49. As a direct and proximate result of the Partners' willful infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) of $150,000 per infringed Work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages plus the Defendant's profits from infringement, as will be proved at trial.

50. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money, and for which Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to cease infringement of Plaintiff's copyrights.

51. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## CLAIM FOUR
## INDUCEMENT OF COPYRIGHT INFRINGEMENT

52. Plaintiff hereby repeats and realleges the previous paragraphs 1-51 as though fully set forth herein.

53. Users of Defendant's Web sites have infringed and are infringing Plaintiff's rights in its registered copyrighted photographic images and Web page designs by, inter alia, downloading infringing copies of Plaintiff's copyrighted Works from the Defendant's Web sites, and subsequently publicly performing or displaying or purporting to authorize the public performance or display of such infringing Works, all without Plaintiff's authorization. Users of Defendant's Web sites are therefore directly infringing Plaintiff's exclusive rights of reproduction, public performance and public display under 17 U.S.C §§106(1), (2), (4) and (5).

54.     The Defendant is liable under the Copyright Act for inducing the infringing acts of users of the Defendant's Web sites.  The Partners operate their Web sites services with the object and intent of promoting and encouraging its use to infringe Plaintiff's copyrights and, by their clear expression and other affirmative steps, Defendant are unlawfully fostering copyright infringement by users of their Web sites.

55.     Defendant are fully aware that the Plaintiff's photographic images and Web page designs are copyrighted and authorized for licensing from Plaintiff.  The Defendant is also aware that users of their Web sites are employing the third parties' Web sites and the services provided through the third parties' Web sites to unlawfully reproduce, and publicly display Plaintiff copyrighted Works. The Partners intend, encourage and induce users of Defendant's Web sites to employ their Web sites in this fashion.

56.     The Partners' aforesaid acts of infringement have been willful, intentional, and purposeful, in disregard and indifferent to the exclusive rights of Plaintiff.

57.     As a direct and proximate result of the Defendant's infringement of Plaintiff's copyrights and exclusive rights under The Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) of $ 150,000 per infringed Work. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C § 504(b), Plaintiff shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proved at trial.

58.     Defendant's conduct is causing, and unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no fully adequate remedy in law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to cease infringement of Plaintiff's copyrights.

1    59.    Plaintiff is entitled to its costs, including reasonable attorneys' fees,

2    pursuant to 17 U.S.C. § 505.

### CLAIM FIVE
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

5    60.    Plaintiff hereby repeats and realleges the previous paragraphs 1-59 as

6    though fully set forth herein.

7    61.    Users of Defendant's Web sites have infringed and are infringing

8    Plaintiff's rights in its registered copyrighted photographic images by, inter alia,

9    downloading infringing copies of Plaintiff's copyrighted Works from Defendant's

10   Web sites, and subsequently publicly performing or displaying or purporting to

11   authorize the public performance or display of such infringing Works by allowing the

12   users of Defendant's Web sites to publicly perform or display Plaintiff's copyrighted

13   Works on the Web sites owned and/or operated by the users of Defendant's Web

14   sites, all without Plaintiff's authorization.

15   62.    As a direct and proximate result of Defendant's infringement of

16   Plaintiff's copyrights and exclusive rights under The Copyright Act, Plaintiff is

17   entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) of

18   $150,000 per infringed Work. Alternatively, at Plaintiff election, pursuant to 17

19   U.S.C § 504(b), Plaintiff shall be entitled to its actual damages plus Defendant's

20   profits from infringement, as will be proved at trial.

21   63.    The Defendant's conduct is causing, and unless enjoined by this Court,

22   will continue to cause Plaintiff great and irreparable injury that cannot fully be

23   compensated or measured in money. Plaintiff has no adequate remedy in law.

24   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring

25   Defendant to cease infringement of Plaintiff's copyrights.

26   64.    Plaintiff is entitled to its costs, including reasonable attorneys' fees,

27   pursuant to 17 U.S.C. § 505.

28

# CLAIM SIX
## VICARIOUS COPYRIGHT INFRINGEMENT

65.     Plaintiff hereby repeats and realleges the previous paragraphs 1-64 as though fully set forth herein.

66.     Users of Defendant's Web sites have infringed and are infringing Plaintiff's rights in its registered copyrighted photographic images, by inter alia, downloading infringing copies of Plaintiff's copyrighted Works from Defendant's Web sites and publicly displaying or purporting to authorize the public display of such infringing Works, all without authorization. Users of Defendant's Web sites are therefore directly infringing Plaintiff exclusive rights of reproduction, public performance and public display under 17 U.S.C. §106(1), (2), (4) and (5).

67.     The Defendant is vicariously liable for the infringing acts of users of Defendant's Web sites. Upon information and belief, Defendant has both the right and the ability to supervise and/or control users' infringing conduct, and to prevent users of Defendant's Web sites from infringing Plaintiff's copyrighted photographic images.

68.     The Defendant significantly and directly benefits from the widespread infringement by its users. The availability of the collection of infringing copyrighted Works on the Defendant's Web sites, including Plaintiff's most popular and valuable Works, acts as a substantial draw, attracting users to the Web sites and increasing the amount of time they spend there once they visit.

69.     Defendant's acts of infringement have been willful, intentional and purposeful, in disregard of and indifferent to the rights of Plaintiff.

70.     As a direct and proximate result of the Defendant's infringement of Plaintiff's copyrights and exclusive rights under The Copyright Act, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) of $150,000 per infringed Work. Alternatively, at Plaintiff's election, pursuant to 17

1 | U.S.C § 504(b), Plaintiff shall be entitled to its actual damages plus Defendant's

2 | profits from infringement, as will be proved at trial.

3 | 71.   Defendant's conduct is causing, and unless enjoined by this Court, will

4 | continue to cause Plaintiff great and irreparable injury that cannot fully be

5 | compensated or measured in money. Plaintiff has no fully adequate remedy in law.

6 | Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring

7 | Defendant to cease infringement of Plaintiff's copyrights.

8 | 72.   Plaintiff is entitled to its costs, including reasonable attorneys' fees,

9 | pursuant to 17 U.S.C. § 505.

10
11
12

**CLAIM SEVEN**
**UNFAIR BUSINESS PRACTICES**
**CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 ET SEQ.**
**(Copyright Infringement)**

13 | 73.   Plaintiff hereby repeats and realleges the previous paragraphs 1-72 as

14 | though fully set forth herein.

15 | 74.   California Business & Professions Code §17200 et seq. provides for

16 | injunctive and other relief against any "unlawful, unfair or fraudulent business act or

17 | practice." As set forth above, the Partners are engaged in, and, unless restrained, will

18 | continue to engage in unfair and fraudulent conduct, and unlawful conduct under the

19 | Copyright Act.

20 | 75.   The Defendant has engaged in, and is engaging in fraudulent, unfair and

21 | unlawful conduct including, but not limited to, the unauthorized copying,

22 | reproducing, distributing and selling of Plaintiff's original copyrighted photographic

23 | images and Web page designs, without authorization, in violation of the Copyright

24 | Act.

25 | 76.   The Defendant has engaged in, and is engaging in, fraudulent, unfair and

26 | unlawful conduct including, but not limited to, in violation of 17 U.S.C. § 506(c),

27 | knowingly, and with fraudulent intent ascribing a false copyright notice on the Web

28

1   pages described herein, and knowingly and with fraudulent intent publicly publishing

2   and distributing the Works with said false copyright notice.

3       77.   Injury to Plaintiff is continuing and will continue unless Defendant's

4   actions are restrained by the Court. Unless the Defendant is enjoined from engaging

5   in its wrongful conduct, the Plaintiff will suffer further irreparable injury and harm,

6   for which Plaintiff has no adequate remedy at law.

7       78.   Plaintiff is entitled to a permanent injunction, and a preliminary

8   injunction pending the hearing and final determination of this action, enjoining

9   Defendant from the acts of unfair, unlawful and fraudulent business practices set

10  forth above, and to reasonable attorneys' fees and costs of suit.

### CLAIM EIGHT
### INTERFERENCE WITH A PROSPECTIVE BUSINESS ADVANTAGE

13      79.   Plaintiff hereby repeats and realleges the previous paragraphs 1-78 as

14  though fully set forth herein.

15      80.   Plaintiff is in the business of creating digital imagery and Web page

16  designs for licensing to others.

17      81.   By displaying such digital images on Defendant's Internet Web sites, the

18  Defendant has intentionally interfered with Plaintiff's business of selling its digital

19  Works to prospective customers and have intentionally interfered with Plaintiff's

20  business of selling additional digital images and Web page designs to existing

21  customers, thereby hindering Plaintiff from selling licenses to the same Works to

22  other prospective buyers and resulting in damage to Plaintiff.

23      82.   The Defendant knew or should have known that its actions would

24  interfere with Plaintiff's existing and prospective contractual relationships with

25  existing and prospective customers.

26      83.   The Partners have wrongfully interfered with the contractual relations

27  between Plaintiff and its customers and potential customers without justification or

28

1  legal excuse.  The Partners' interference was willful, wanton and malicious.

2      84.  By reason of the foregoing, the Defendant is liable for all pecuniary

3  losses suffered by Plaintiff as a result of Defendant's interference, and for punitive

4  damages.

5  ### VIII.  PRAYER FOR RELIEF

6      WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

7      1.  For a declaration that the Defendant's Web sites willfully infringe

8  Plaintiff's copyrights both directly and secondarily;

9      2.  For a permanent injunction and preliminarily pending the hearing and

10  final determination of this action, requiring that Defendant and its agents, servants,

11  employees, officers, attorneys, successors, licensees, partners, and assigns, and all

12  persons acting in concert or participation with each or any of them, cease directly or

13  indirectly infringing or causing, enabling, facilitating, encouraging, promoting and

14  inducing or participating in the infringement of, any of Plaintiff's respective

15  copyrights or exclusive rights protected by the Copyright Act, whether now in

16  existence or hereafter created;

17      3.  For maximum statutory damages pursuant to 17 U.S.C. § 504(c) of

18  $150,000 per infringed Work. Alternatively, at Plaintiff's election, pursuant to 17

19  U.S.C. § 504(b), for actual damages plus Defendant's profits from infringement, as

20  will be proved at trial;

21      4.  Plaintiff's damages and Defendant's profits pursuant to Cal. Civ. Code

22  § 3344 or in the alternative, statutory damages pursuant to Cal. Civ. Code § 3344,

23  plus punitive damages pursuant Cal. Civ. Code § 3344;

24      5.  Pursuant to Business and Professions Code §§ 17203 and 17535, and

25  pursuant to the equitable powers of this Court, Plaintiff prays that the Defendant and

26  its Partners are ordered by this Court to restore all funds acquired by means or any act

27

28

1   or practice to be unlawful or fraudulent or to constitute unfair competition under

2   Business and Professions Code § 17200 et seq.;

3       6.   For Plaintiff's costs, including reasonable attorneys' fees, pursuant to

4   17 U.S.C. § 505, Cal. Civ. Code § 3344, and Cal. Code of Civ. Pro. § 1021.5;

5       7.   For pre- and post-judgment interest according to law; and

6       8.   For such other and further relief as the Court may deem just and

7   proper.

## IX.   REQUEST FOR JURY TRIAL

9       Plaintiff hereby respectfully demands a jury trial pursuant to Rule 38 of the

10  Federal Rules of Civil Procedure.

12      DATED THIS __4th__ day of December 2009.

13                              Respectfully submitted,

15                              *s/ Timothy P. Dillon*
16                              Timothy P. Dillon, Esq. (SBN 190839)
                                Dillon & Gerardi, APC
17                              4660 La Jolla Village Drive
                                Suite 775
18                              San Diego, CA 92122
19                              Tel: (858) 587-1800
                                Fax: (858) 587-2587
20

21

22

23

24

25

26

27

28

Complaint - 17

# EXHIBIT A

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-678-420

**Effective date of registration:**

May 9, 2009

---

## Title

**Title of Work:** COMMUNICATIONS WEBSITE MODEL

## Completion/ Publication

**Year of Completion:** 2007

**Date of 1st Publication:** May 1, 2007      **Nation of 1st Publication:** United States

## Author

- **Author:** Fei Holdings, Inc.

  **Author Created:** photograph(s), map/technical drawing, text

  **Work made for hire:** Yes

  **Citizen of:** United States      **Domiciled in:** United States

  **Year Born:** 1973

## Copyright claimant

**Copyright Claimant:** Fei Holdings, Inc.

14300 Little Tujunga Canyon Road, Sylmar, CA, 91342, United States

## Rights and Permissions

**Name:** Jason Tucker

**Email:** legal@feiholdings.com      **Telephone:** 818-890-6111

**Address:** 14300 Little Tujunga Canyon Road

Sylmar, CA 91342 United States

## Certification

**Name:** Jason Tucker

**Date:** April 30, 2009

**Applicant's Tracking Number:** COMMUNICATIONS WEBSITE MODEL

---

**Registration #:**   VA0001678420

**Service Request #:**   1-188501439

Fei Holdings, Inc.
Jason Tucker
14300 Little Tujunga Canyon Road
Sylmar, CA 91342  United States

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV09- 8931 CBM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Timothy P. Dillon, Esq. (SBN 190839)
Dillon & Gerardi, APC
4660 La Jolla Village Drive, Ste 775
San Diego, CA 92122

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| FEI HOLDINGS, INC., a Washington corporation,<br><br>PLAINTIFF(S)<br>v.<br>LACDCS PARTNERSHIP, a California general partnership,<br><br>DEFENDANT(S). | CASE NUMBER<br>CV09-8931 CBM (Ex)<br><br><br>**SUMMONS** |
| --- | --- |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Timothy P. Dillon_____, whose address is _4660 La Jolla Village Drive, Ste 775,  San Diego, CA 92122_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____ 4 DEC 2009 _____        By: _____
                                                            Deputy Clerk

                                                            *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) FEI HOLDINGS, INC. | DEFENDANTS LACDCS PARTNERSHIP |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Dillon & Gerardi, APC, 4660 La Jolla Village Drive, Ste. 775, San Diego, CA 92122 (858) 587-1800 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq. and related state claims

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV09-8931

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Washington |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  12-4-09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |